**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:16cv133-HSO** |
| | § | **1:13cr62-HSO-RHW-1** |
| **HECTOR RUIZ RODRIGUEZ** | § | |

<u>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S**</u>
<u>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A**</u>
<u>**PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**</u>

BEFORE THE COURT is the Motion [280] of Defendant Hector Ruiz Rodriguez ("Defendant" or "Rodriguez") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. The Government has filed a Response [284] in opposition to Rodriguez's Motion [280], and Rodriguez has filed a Response [286], which the Court construes as a Reply. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that Rodriguez's § 2255 Motion [280] should be denied without an evidentiary hearing.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

On July 23, 2013, a Grand Jury returned a single-count Indictment [3] against Rodriguez and six co-Defendants. The original Indictment [3] charged

> [t]hat beginning at least as early as 2012 and continuing up to the date of this indictment, in Pearl River County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **HECTOR RUIZ RODRIGUEZ, HIGINIO HERNANDEZ RODRIGUEZ, MANUEL LUCERO RODRIGUEZ, LUIS HERNANDEZ FIGUEROA, BASSEY HOPKINS, NOEL ELIUD**

**GONZALEZ MORALES and LLOYD DANTZLER**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I non-narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

Indictment [3] at 1.

Rodriguez was placed on pretrial release, subject to certain conditions, after his initial appearance in the United States District Court for the Southern District of Texas. *See* Nov. 6, 2013, Minute Entry (arraignment in this Court). Rodriguez had an arraignment before a Magistrate Judge in this Court on November 6, 2013. *See id.* At the arraignment, United States Magistrate Judge Robert H. Walker advised Rodriguez of the maximum and mandatory minimum penalty for the charge contained in the Indictment: not less than five years and up to 40 years in prison, up to a $5,000,000.00 fine, or both.

On April 22, 2014, the Grand Jury returned a First Superseding Indictment [103] against Rodriguez and seven co-Defendants. Rodriguez was charged in Counts 1 and 3. Count 1 of the First Superseding Indictment charged

[t]hat beginning at least as early as 2011 and continuing up to the date of this indictment in Pearl River County, in the Southern District of Mississippi, and elsewhere, the defendants, **HECTOR RUIZ RODRIGUEZ, JOSE GOMEZ ZENDEJA, HIGINIO HERNANDEZ RODRIGUEZ, MANUEL LUCERO RODRIGUEZ, LUIS HERNANDEZ FIGUEROA, BASSEY HOPKINS, NOEL ELIUD GONZALEZ MORALES and ASHLEY HOWELL**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I non-

narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

*   *   *

All in violation of Section 846, Title 21, United States Code.

1st Superseding Indictment [103] at 1, 3.  As for the quantity of marijuana involved in the conspiracy, Count 1 of the First Superseding Indictment alleged that

> [w]ith respect to **HECTOR RUIZ RODRIGUEZ**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him is 100 kilograms or more of marijuana.

*Id.* at 2.

A jury trial on the First Superseding Indictment was held as to Rodriguez beginning on November 3, 2014.  *See* Nov. 3, 2014, Minute Entry.  Late on the night of November 4, 2014, "the Court was advised of a concern by the United States Attorney that the defendant was potentially attempting to flee."  Tr. [261] at 3. Based upon the information made known to the Court and pursuant to Federal Rule of Criminal Procedure 46(b), the Court signed an Order temporarily revoking Rodriguez's conditions of release pending the outcome of the trial.  *Id.* at 3-6; *see* Order [223] at 1.

The following day during the trial, November 5, 2014, Rodriguez elected to enter into a Plea Agreement [224] with the Government, and Rodriguez pleaded guilty to Count 1 of the First Superseding Indictment.  *See* Nov. 5, 2014, Minute Entry. Rodriguez's Plea Agreement [224] with the Government provided, in relevant part, that Defendant

> expressly waives the following rights (except that Defendant reserves the

-3-

right to raise ineffective assistance of counsel claims):

    a.    the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

    b.    the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

Plea Agreement [224] at 4-5.

Rodriguez was sentenced on February 5, 2015, to a term of imprisonment of 192 months as to Count 1 of the First Superseding Indictment, and the Judgment [253] was entered on February 6, 2015.  J. [253] at 1-2.  The Court further ordered that upon release from imprisonment Rodriguez shall be placed on supervised release for a term of five (5) years as to Count 1.  *Id.* at 3.  The Court imposed a $25,000.00 fine and a $100.00 special assessment.  *Id.* at 5.

On February 18, 2015, Rodriguez filed a Notice of Appeal [254].  On appeal,

Rodriguez argue[d] (1) that the district court lacked jurisdiction to impose a sentence outside the statutory maximum sentence authorized by his guilty plea, (2) the quantity of marijuana attributable to him required a jury finding, and (3) the factual basis is insufficient to establish drug quantity.

Op. [272] at 2.  The Government filed a motion to dismiss the appeal, seeking to enforce Rodriguez's appeal waiver.  *Id.*

In an opinion issued on January 15, 2016, the United States Court of Appeals for the Fifth Circuit granted the Government's motion to dismiss in part, as to

-4-

"Rodriguez's issues (1) and (2), as these issues [were] barred by the terms of the appeal waiver." *Id.* at 4.  The Fifth Circuit also affirmed in part this Court's Judgment "with respect to issue (3), as Rodriguez ha[d] abandoned the issue by failing to adequately brief it and the record indicates[d] that the issue [was] waived." *Id.*

On April 21, 2016, Rodriguez filed the present Motion [280] pursuant to 28 U.S.C. § 2255.[1]  Rodriguez alleges that his trial counsel was ineffective.  Mot. [280] at 4-12.  Ground One of Rodriguez's Motion asserts that his

> [a]ttorney failed to advise me properly by allowing me to attempt to go to trial.  After reading the discovery my attorney should have known that going to trial would have been futile.  My attorney should have negotiated a plea deal with the government saving time and money, and my sentence would not have been so harsh.  I had no knowledge of the law everything I said and did was under the impression that my attorney was giving me correct advice, every time I was asked a question I answered according to how my attorney led me to believe, in the [sic] and after carrful [sic] reading my attorney was ineffective because he knew or should have known the success rate of the federal government in trial and convictions, and should have advised me to plea prior to a trial attempt on a negotiated sentence.

*Id.* at 4.

In his Reply to the Government's Response, Rodriguez alleges that his counsel's purportedly erroneous advice "led him to proceed to trial which precluded [him] from receiving a 3 level reduction for acceptance of responsibility."  Reply [286] at 1.  Rodriguez maintains that

---

[1]  Plaintiff executed the Motion and placed it in the prison mailing system on March 22, 2016.  Mot. [280] at 11.

if counsel would have done an effective job, options such as a plea bargain would have been attained, also the option of the fast track deportation program where a defendant receives a 4 level downward departure if a guilty plea is surrendered within 30 days.

*Id.* at 2.  According to Rodriguez, his "[c]ounsel completely failed to provide any options, and did not explain to me the consequences of going to trial." *Id.*

In Ground Two, Rodriguez claims that his counsel was ineffective as follows:

[a]fter carefully reading the brief submitted by my attorney and the motion to dismiss from the government. [sic]  The ineffective of my attorney is clear in (1) My attorney was arguing my sentence range was 0 to 5 years when in fact he knew that my range fell in the 5 to 40 range. (2) My attorney was well aware of all the waivers that the government was using to get this appeal dismissed and still he led me to believe that there was a chance to win on appeal costing me more money and wasting time in the courthouse.  The ineffectiveness of my attorney is the major reason of why I am facing such a harsh sentence.

Mot. [280] at 5.

Ground Three contends that

[m]y attorney failed to provide effective counsel by not explaining to me that by pleading guilty I was waiving my right to appeal; in addition to that my attorney never advised me that I would be facing up to 40 years in prison, I was told by my attorney that the most I would facing was the maximum 5 years in prison even losing the trial, I was completely deceived by my attorney [sic] advice.

*Id.* at 12.

Rodriguez requests that the Court resentence him to the "mandatory minimum" for his offense; have his attorney reimburse his legal fees; and waive the $25,000.00 fine imposed upon him.  *Id.* at 11.  "[A]t the very least," Rodriguez requests that the Court

grant me the 3 level downward departure for accepting responsibility,

-6-

> have my counsel reimburse my legal expenses, and since I am a
> deportable alien to please consider me for the fast track deportation
> program and grant me the 4 level reduction that is offered with that
> program.

Reply [286] at 3.

The Government responds that the "plea colloquy was adequate to inform [Rodriguez] of his statutory exposure and the facts to which he agreed were sufficient to support a plea to a Section 841(b)(1)(B) offense." Resp. [284] at 2. The Government seeks to enforce Rodriguez's waiver of his right to seek post-conviction relief. *Id.* To the extent that Rodriguez asserts ineffective assistance of counsel, the Government argues that Rodriguez's "allegations fall short of proving either of the two requirements" under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Id.* at 3. Finally, the Government maintains that "[g]iving [Defendant] poor advice, even if true, does not amount to ineffective assistance of counsel." *Id.* at 4.

## II.  DISCUSSION

### A.   Relevant legal authority

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see also United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)).  Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32.  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice.  *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

Rodriguez contends he received ineffective assistance of counsel.  Claims of ineffective assistance of counsel may generally be heard by way of a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  To demonstrate ineffective assistance of counsel, Rodriguez must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).

A criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to "the negotiation of a plea bargain," as it "is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S.

-8-

356, 373 (2010). As such, "[w]hen considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012). "Where a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance." *Id.* at 357.

"For the deficiency prong [of *Strickland*], counsel's performance is to be accorded 'a heavy measure of deference.'" *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). Under the prejudice prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

> This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case."

*Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694).

B.    Rodriguez has not shown prejudice as to any alleged ineffective assistance of counsel in purportedly not advising him to plead guilty before trial.

Rodriguez alleges that this "[a]ttorney failed to advise him properly by allowing [him] to attempt to go to trial" because his attorney "should have known that going to trial would have been futile." Mot. [280] at 4. According to Rodriguez,

his "attorney should have negotiated a plea deal with the government saving time and money," so his "sentence would not have been so harsh." *Id.* Had he accepted a negotiated plea, Rodriguez maintains that he would received a three-level reduction in his offense level under the United States Sentencing Guidelines for acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual § 3E1.1 (U.S. Sentencing Comm'n 2014), and an option to participate in a fast-track program, Reply [286] at 2. According to Rodriguez, the fast-track program provides a four-level downward departure if the guilty plea is surrendered within 30 days. *Id.* Even construing all of Rodriguez's allegations as true, he has failed to demonstrate prejudice in the *Strickland* sense.

      1.    <u>Rodriguez has not demonstrated any prejudice under *Strickland* with respect to failing to receive a three-level reduction for acceptance of responsibility.</u>

Rodriguez's assertion of prejudice is partially premised upon the notion that he would have received a three-level reduction in his offense level for acceptance of responsibility had his attorney advised him to plead guilty before trial commenced. United States Sentencing Guidelines Manual § 3E1.1 provides that

    (a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

    (b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S. Sentencing Guidelines Manual § 3E1.1 (U.S. Sentencing Comm'n 2014).

Application Note 3 to § 3E1.1 provides that

[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (*see* Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S. Sentencing Guidelines Manual § 3E1.1, Application Note 3 (U.S. Sentencing Comm'n 2014).

The Presentence Investigation Report ("PSR") detailed an extensive criminal organization in which Rodriguez played a leadership role which was purchasing marijuana that had been illegally brought into the country by a Mexican drug cartel, and was transporting the drugs from Texas to Mississippi and other locations for distribution. PSR [251] at 9. The Court determined at sentencing that the record supported the conclusion that there were roughly four trips per month made over at least a 24-month period, and possibly longer, which totaled around 96 trips and involved at least 3,000 kilograms of marijuana. Tr. [263] at 70-74. The PSR included information that the person in charge of the organization was Rodriguez, PSR [251] at 9, and the Court found that Rodriguez was "involved in the exercise of decision-making authority as part of this conspiracy," Tr. [263] at 69.

While the PSR in this case mentions Application Note 3, the PSR also

-11-

explains that there was evidence that Rodriguez was attempting to flee during trial. PSR [251] at 19. As the PSR noted, Rodriguez had not assisted authorities by fully admitting his part in the offense or by assisting the Government with truthful and pertinent information about the offense. *Id.* Based upon the foregoing, the PSR took the position that Rodriguez should not receive any reduction for acceptance of responsibility, despite ultimately entering into the Plea Agreement and pleading guilty. *Id.* At sentencing the Government did not take the position that going to trial automatically meant that Rodriguez should be denied acceptance of responsibility, but recognized that this decision would be based upon the extent that Rodriguez denied relevant conduct. Tr. [263] at 8-9. According to the Government, Rodriguez "denie[d] certain aspects of the conspiracy that I think would – if he sticks to that denial, I think would lose him acceptance of responsibility." *Id.* at 8.

At the sentencing hearing, the Court determined that Rodriguez "did not enter a plea of guilty prior to the commencement of trial," but even at sentencing, "he ha[d] not truthfully admitted and ha[d falsely] denied some additional relevant conduct as the Court ha[d] found with respect to his role as a leader or organizer." Tr. [263] at 75-76. The Court also found that Rodriguez had attempted to "flee during the middle of trial." *Id.* at 76. The Court determined that Rodriguez was properly denied acceptance of responsibility. *Id.*

Even if Rodriguez's counsel would have advised him to plead guilty before the trial commenced, the Court is not persuaded that the likelihood of a different result with respect to Rodriguez receiving acceptance of responsibility is "substantial,"

rather than "just conceivable." *Harrington*, 562 U.S. at 112. Irrespective of whether Rodriguez had entered a plea before trial and had not fled during trial, the Court found at sentencing that Rodriguez had failed to truthfully admit, and had falsely denied, some relevant conduct. Tr. [263] at 75-76.

Had Rodriguez pleaded guilty before trial, the factors set forth in the Application Notes to Guidelines Manual § 3E1.1 would still weigh in favor of declining to afford Rodriguez any reduction for acceptance of responsibility. As such, Rodriguez has not shown a "probability sufficient to undermine confidence in the outcome" of his sentence on the question of acceptance of responsibility. *See Cullen*, 563 U.S. at 189.

In imposing Rodriguez's sentence, the Court considered the relevant factors set forth in 18 U.S.C. § 3553 in the context of the specific facts of the case, Tr. [263] at 94, and found that "[i]n the event the guidelines have been calculated incorrectly or any rulings on objections were inaccurate or in error, the Court is of the view that it would have imposed the same sentence as a nonguideline[s] sentence based on its analysis of the 3553 factors and the facts of this case," *id.*

The Court found the following § 3553 factors relevant:

The history and characteristics of the defendant. As has been observed, the defendant has no criminal history. He has been gainfully employed and has family support. The other shame of this is that the defendant was successful in his own right without the need to engage in any of this kind of conduct. That makes him unique as well in terms of those who appear before the Court. So that is certainly a wasted opportunity. So I take note of that.

I also take into account the nature and circumstances of the offense, as I must. This is a serious offense. It was a large and extensive

-13-

> drug conspiracy that involved the distribution of large quantities of drugs over an extended period of time.  The defendant's role in the offense was extensive, as the Court has previously found.  And the sentence needs to reflect the seriousness of the offense.  It needs to promote respect for the law and afford a just punishment.  The sentencing is, among other things, also about punishment, as there are consequences for criminal behavior.
>
> The sentence needs to afford adequate deterrence to criminal conduct, not just to the defendant but to others who may be inclined to engage in this type of conduct.  And it needs to protect the public.  These are all very serious considerations the Court finds apply here.

*Id.* at 88-89.  Accepting all of Rodriguez's allegations as true, Rodriguez cannot show prejudice as to the denial of acceptance of responsibility or as to the length of his sentence.

2.   <u>Rodriguez has not shown that he suffered any prejudice with respect to participating in a fast-track program.</u>

Turning to Rodriguez's claims about the fast-track program, the Fifth Circuit has explained that the Attorney General has set forth criteria that must be satisfied in order to obtain authorization for "fast-track" programs.  *United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008) (citing *Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's "Fast-Track" Policies* (Sept. 22, 2003), 16 Fed. Sent. Rep. 134, 2003 WL 23475483, at *2 (Dec. 2003)).  "Once the program is authorized, the United States Attorney may implement the program as he deems appropriate for his district, provided that the program is otherwise consistent with the law, the Sentencing Guidelines and Department regulations and policy."  *Id.*

Rodriguez pleaded guilty and was sentenced in the Southern District of Mississippi; there is no fast-track program in this District.  As such, Rodriguez

suffered no prejudice in this regard.  Regardless of when Rodriguez chose to plead, he would not have been able to participate in this program.

       3.    <u>Rodriguez's request for reimbursement of legal fees will be denied.</u>

       To the extent that Rodriguez seeks reimbursement of legal fees, a § 2255 Motion is not the proper avenue for such a request.  Section 2255 permits a defendant to "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Rodriguez's request for reimbursement of legal fees through his § 2255 ineffective assistance claim is improper in this proceeding and will be denied.

C.    <u>Rodriguez has not shown any prejudice with respect to his attorney's purported failure to advise him that he was waiving the right to appeal in his Plea Agreement.</u>

      Part of Ground Three of Rodriguez's Motion asserts that counsel was ineffective by not informing Rodriguez that he was waiving his right to appeal. Mot. [280] at 12.  The Plea Agreement [224] Rodriguez signed on November 5, 2014, expressly provided that Defendant waived

> the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever . . . .

Plea Agreement [224] at 4.  In signing the Plea Agreement, Rodriguez represented that the terms of the Plea Agreement were read by or to him, were explained to him by his attorney, were understood by him, were voluntarily accepted by him, and were agreed to and accepted by him.  *Id.* at 6.

-15-

At the change-of-plea hearing before this Court, Rodriguez also acknowledged to the Court under oath that he had reviewed and discussed the Plea Agreement and Plea Supplement with his attorney before signing them, that he was able to ask his attorney any and all questions he had about their terms, that he understood his attorney's answers, and that he fully understood the terms of the Plea Agreement and Plea Supplement. Tr. [261] at 15-16. The Assistant United States Attorney also advised Rodriguez at the change-of-plea hearing that he was "waiving his right to appeal the conviction in this case or the sentence or the manner in which the sentence is imposed." *Id.* at 17. During the plea colloquy, the Court confirmed with Rodriguez that he understood that he was waiving his "right to appeal [his] conviction and sentence in this case by entering into this [P]lea [A]greement." *Id.* at 21. "Solemn declarations in open court carry a strong presumption of verity." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

Even accepting Rodriguez's allegation that his attorney failed to inform him that he was waiving his right to appeal as true, the record conclusively reveals that Rodriguez was informed of this waiver in writing and orally by the Assistant United States Attorney and the Court at the change-of-plea hearing. Moreover, as detailed earlier, Rodriguez did in fact pursue a direct appeal. Rodriguez can show no prejudice for this alleged deficient performance by counsel.

-16-

**D.**    <u>Rodriguez has not demonstrated any prejudice with respect to his attorney's purported failure to advise him of his maximum sentence prior to pleading guilty, as Rodriguez was sufficiently advised of the maximum sentence before entering his plea.</u>

Rodriguez maintains that his attorney never advised him that he would be facing up to 40 years in prison and that he was told by his attorney that "the most [he] would facing [sic] was the maximum 5 years in prison even losing the trial." Mot. [280] at 12.  Rodriguez claims that he was "completely deceived" by his attorney's advice.  *Id.*

At Rodriguez's arraignment on November 6, 2013, on the original Indictment for substantially the same charge to which Rodriguez ultimately pleaded guilty, the Magistrate Judge informed Rodriguez of the maximum penalty for that charge.  In the case of a violation of 21 U.S.C. § 841(a) involving

> 100 kilograms or more of a mixture or substance containing a detectable amount of marihuana . . .
>
> \*   \*   \*
>
> such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . , a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000 if the defendant is an individual . . . , or both.

21 U.S.C. § 841(b)(1)(B)(vii).  Therefore, at least as early as the arraignment, Rodriguez was made aware by the Court of the minimum and maximum penalties he faced.

Moreover, the Plea Agreement [55] signed by Rodriguez on November 5, 2014, disclosed on its face that the penalty for the offense charged in Count 1 of the First Superseding Indictment was not less than 5 years up to 40 years in prison, a

-17-

term of supervised release of at least 4 years, and a fine of up to $5,000,000.00, "unless Defendant meets the requirements of Title 18, United States Code, Section 3553(f), in which case the mandatory minimum sentence shall not apply." Plea Agreement [224] at 1.

> The Plea Agreement also clearly stated that:
>
> Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering his plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.* at 2. Rodriguez represented that he "understood that this plea agreement and the plea supplement completely reflects [sic] all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant." *Id.* at 5-6.

During the plea colloquy, the Court explained to Rodriguez the maximum and mandatory minimum penalties to which he would be exposed by pleading guilty to Count 1 of the First Superseding Indictment. Tr. [261] at 25. Rodriguez acknowledged under oath that he understood these possible penalties, had discussed them with his attorney, had asked his attorney any questions he had about them, and had understood all of his attorney's answers. *Id.* at 25-26. Rodriguez further testified that he understood that because the offense to which he was pleading guilty carried a maximum possible sentence of 25 years or more, a sentence of probation was not available in his case. *Id.* at 26.

Rodriguez also acknowledged to the Court under oath that he understood

-18-

that his sentence might be different from any estimate his attorney may have given him, that the Court had the authority under some circumstances to depart upward above the Guidelines range or downward below the Guidelines range, and that the Court would consider other statutory sentencing factors set forth at 18 U.S.C. § 3553, that could result in the imposition of a sentence that was either greater than or lesser than the advisory Guidelines sentence range. *Id.* at 28. Rodriguez agreed under oath that the Court, in its discretion, could sentence him to up to the maximum prison sentence provided by statute, which was 40 years. *Id.* at 29.

The Motion, files, and records clearly refute Rodriguez's allegation that he was prejudiced by any alleged misstatements by his attorney regarding his maximum sentencing exposure in this case, and conclusively show that Rodriguez is not entitled to any relief on his ineffective assistance claims. Even if Rodriguez's counsel incorrectly informed him at any point prior to his plea that he was facing a maximum of 5 years in prison, the Plea Agreement and the Court, both at the arraignment and at the change-of-plea hearing, clearly and unmistakably advised Rodriguez of his sentencing exposure prior to entry of his guilty plea. Because Rodriguez has failed to demonstrate prejudice in this regard within the meaning of *Strickland*, his § 2255 Motion should be denied.

### III. CONCLUSION

Because the Motion, files, and records conclusively show that Rodriguez is entitled to no relief, the Court finds that Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255,

should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [280] of Defendant Hector Ruiz Rodriguez to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 30th day of March, 2017.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE